IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 27, 2019

## STATE OF TENNESSEE v. CHRISTOPHER OGLE

**Appeal from the Circuit Court for Blount County**
**No. C25232  David Reed Duggan, Judge**

_____

### No. E2019-00258-CCA-R3-CD
_____

The defendant, Christopher Ogle, appeals the order of the trial court revoking his probation and ordering him to serve his original five-year sentence in confinement.  Upon review of the record, we conclude the trial court did not abuse its discretion in finding the defendant violated the terms of his probation, and the imposed sentence is proper. Accordingly, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and TIMOTHY L. EASTER, JJ., joined.

J. Liddell Kirk, Knoxville, Tennessee, for the appellant, Christopher Ogle.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Mike L. Flynn, District Attorney General; and Tiffany Smith, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### *Facts and Procedural History*

After pleading guilty to aggravated assault on October 19, 2018, the trial court sentenced the defendant to five years to be served in the Tennessee Department of Correction.  Tenn. Code Ann. § 39-13-102.  The trial court suspended the defendant's sentence after 11 months and 29 days of service and placed him on 4 years of supervised probation.[1]  Prior to pleading guilty, the defendant accumulated enough jail credits to

_____

[1] The trial court also ordered the defendant to complete an alcohol and drug assessment, complete 40 hours of community service, and pay any restitution to and avoid all contact with his victims.

allow for his release from the Blount County jail on October 19, 2018, thus beginning his probationary service. The terms of probation required, in part, the defendant to report to his probation officer and to follow all instructions given by his probation officer.

While on probation, the defendant failed to contact his probation officer, and a probation violation warrant issued on November 8, 2018. The warrant alleged the defendant failed to make "any contact" with his probation officer after being released and failed to report for initial intake meetings on October 26 and November 2, 2018. The warrant was executed on December 26, 2018, after which the trial court conducted a probation revocation hearing.

At the hearing, the defendant stipulated to the fact that he violated the terms of probation by failing to report to his probation officer. Based upon the stipulation, the trial court determined the defendant violated the terms of his probation and revoked the same. The defendant then testified before the trial court imposed a sentence.

The defendant confirmed he failed to report to his probation officer upon his release from jail and failed to appear at his initial intake meetings on October 26 and November 2, 2018. According to the defendant, he learned of the death of his ex-fiancée upon his release from jail and attended her funeral in North Carolina the day before he was set to report. The defendant claimed he called to reschedule, though he was unsure when he made the phone call. The defendant's aunt also called to reschedule his appointment, but when she did "they . . . told her apparently [] don't worry about it, [the defendant] was violated." When he returned to Tennessee after the funeral, the defendant again chose not to report to his probation officer because he was "violated." He also stated he could not report because he was caring for his two-year-old son.

The defendant "begg[ed] the [trial] [c]ourt to give [him] another chance." He explained if granted probation, he would continue living with his aunt and working for his father. The defendant stated his father paid him "cash under the table," but he did pay taxes on his earnings. The defendant admitted he has "a problem [] transitioning into society" and stated he "really feel[s] like I need to go get some mental health." Despite those concerns, the defendant believed he did "really good" on probation because "I didn't go out there using drugs. I just got out trying to take care of my son. And I went to the funeral and the death really messed my head up for a minute."

During cross-examination, the defendant admitted he was previously convicted of aggravated burglary, robbery, felony escape, and felony failure to appear in Blount County. He was granted probation for the failure to appear conviction which was ultimately revoked. Regarding his present conviction, the defendant acknowledged he pled guilty to aggravated assault for attempting to hit a sheriff's deputy with a vehicle

- 2 -

during a traffic stop. However, the defendant explained he did not try to hit the officer. Instead he "pled to the officer feeling like I was trying to run him over." The defendant stated he failed to appear for the jury trial set for this case due to another funeral he needed to attend.

Regarding the terms of probation applicable to his present conviction, the defendant knew he was supposed to report to his probation officer upon being released from jail but did not know he could not leave Tennessee. He also admitted he had not completed the alcohol and drug assessment or community service hours imposed by the trial court.

After the defendant testified, the trial court determined the defendant committed "a material violation of the terms of his probation," noting the defendant stipulated to the same. The trial court revoked the defendant's probation and ordered him to serve the original five-year sentence in the Tennessee Department of Correction.[2] This timely appeal followed.

## *Analysis*

On appeal, the defendant does not contest the trial court's revocation order, but rather argues the trial court erred in ordering him to serve the original sentence in confinement. He states the trial court's order "was perhaps an abuse of discretion when the lesser remedy of split confinement was available." The State contends the trial court did not abuse its discretion in revoking the defendant's probation or in ordering him to serve the original sentence in confinement. After our review, we affirm the judgment of the trial court.

A trial court has statutory authority to revoke a suspended sentence upon finding that the defendant violated the conditions of the sentence by a preponderance of the evidence. Tenn. Code Ann. § 40-35-310, -311; *see State v. Clyde Turner*, No. M2012-02405-CCA-R3-CD, 2013 WL 5436718, at *2 (Tenn. Crim. App. Sept. 27, 2013). "The trial judge has a duty at probation revocation hearings to adduce sufficient evidence to allow him to make an intelligent decision." *State v. Leach*, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995) (citing *State v. Mitchell,* 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991)). If a violation is found by the trial court during the probationary period, the time within which it must act is tolled and the court can order the defendant to serve the original sentence in full. Tenn. Code Ann. § 40-35-310; *see State v. Lewis*, 917 S.W.2d

---

[2] The defendant received jail credits for January 20, 2017 through May 19, 2017; October 9, 2017 through April 13, 2018; September 6, 2018 through October 19, 2018; and December 26, 2018 through January 14, 2019.

251, 256 (Tenn. Crim. App. 1995). To overturn the trial court's revocation, the defendant must show the trial court abused its discretion. *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001). "In order to find such an abuse, there must be no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." *Id.* (citing *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991)).

Here, the record contains sufficient evidence to support the trial court's decision to revoke probation and order the defendant to serve the original sentence in confinement. On October 19, 2018, the defendant pled guilty to aggravated assault and received a five-year sentence suspended to supervised probation after 11 months and 29 days of service. The terms of probation required the defendant to report to his probation officer upon release from jail. The record contains an arrest warrant issued for the defendant on November 8, 2018. The arrest warrant alleged the defendant failed "to make any contact" with his probation officer upon his release from the Blount County jail and, more specifically, failed to report for initial intake meetings on October 26 and November 2, 2018. The defendant stipulated to these facts at the revocation hearing and as such, the record contains sufficient evidence to sustain the trial court's revocation order. *Shaffer*, 45 S.W.3d at 554.

As noted above, once a violation of probation is found, the trial court can order the defendant to serve the original sentence. Tenn. Code Ann. § 40-35-310; *see Lewis*, 917 S.W.2d at 256. Though the defendant testified at the revocation hearing and "begg[ed]" the trial court to give him another chance on probation, the trial court was not persuaded and was under no obligation to comply with the defendant's request. The record contains sufficient evidence the defendant violated the terms of his probation as he stipulated to and testified to the same. *Leach*, 914 S.W.2d at 106. Accordingly, the trial court acted within its discretion in ordering the defendant to serve the original sentence of five years in the Tennessee Department of Correction. Tenn. Code Ann. § 40-35-310; *Clyde Turner*, 2013 WL 5436718, at *2; *Lewis*, 917 S.W.2d at 256. The defendant is not entitled to relief.

## *Conclusion*

Based upon the foregoing authorities and reasoning, we affirm the judgment of the trial court revoking the defendant's probation and ordering him to serve the original sentence in confinement.

_____
J. ROSS DYER, JUDGE

- 4 -